IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLIFFORD ANTONIO ROWLING, III, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ROB JEFFREYS, ) <br> ) <br> Respondent. ) <br> ) | Case No. 20-cv-163-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Clifford Antonio Rowling, III, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his conviction.

The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The Petition states that it is filed pursuant to Section 2254 which would indicate that Rowling is attempting to seek habeas corpus relief with respect to a conviction entered by a state court. He indicates that he is confined at Big Muddy under a conviction entered in January 2008 (Doc. 1, p. 1). He does not indicate the nature of that conviction, and IDOC's website indicates

1

that he is being held under the Illinois Sexually Dangerous Persons Act ("SDPA"), 725 ILCS 205/1.01 *et seq.*[1] But the Petition fails to state any grounds for relief that are recognizable under Section 2254. In fact, no grounds for relief are listed in the Petition. Rule 2 of the Rules Governing Section 2254 Cases requires that a petition "specify the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rowling's Petition fails to meet that requirement as he fails to identify any grounds for relief or provide enough information to show that he may be entitled to said relief. Rowling does attach two grievances which appear to be related to his mental healthcare at Big Muddy (Doc. 1, pp. 23-27). A claim for improper healthcare must be brought pursuant to 42 U.S.C. § 1983, however, not Section 2254.

Because Rowling fails to identify any grounds for relief in his Petition, the Petition is **DISMISSED without prejudice**. The Court will allow Rowling a chance to amend his Petition and the Clerk is **DIRECTED** to send Rowling a blank Section 2254 Petition to aid him in those efforts. Rowling is reminded that his Petition should list the grounds for relief and the facts supporting those grounds. Rowling has until **March 12, 2020**, to submit an Amended Petition. Failure to file an Amended Petition will result in dismissal of this case for failure to state a claim.

To the extent that Rowling is seeking to file a civil Complaint related to his mental healthcare at Big Muddy, Rowling would have to file a civil rights case pursuant to 42 U.S.C. § 1983 after first exhausting his administrative remedies. Rowling is **ADVISED** that the filing fee for a civil rights action is $350.00 if he is found eligible to proceed *in forma pauperis*. The Clerk is **DIRECTED** to send Rowling a blank civil rights complaint form for his review.

---

[1] See Illinois Department of Corrections Inmate Locator, https://www2.illinois.gov/idoc/Offender/pages/inmatesearch.aspx (last visited Feb. 12, 2020).

To the extent Rowling seeks the appointment of counsel (Doc. 4), it is well-settled that due process does not require appointment of counsel for indigent prisoners pursuing state postconviction remedies or federal habeas relief. *See Pruitt v. Mote,* 503 F.3d 647, 657 (7th Cir.2007) (citing cases). If the interests of justice so require, representation may be provided under 18 U.S.C. § 3006A for any financially eligible person seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255. 18 U.S.C. § 3006A(a)(2)(B). Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires appointment of counsel where an evidentiary hearing is found to be warranted, but appointment under § 3006A is not limited to any certain stage of the proceeding. At this time, the Court finds that Rowling is capable of submitting an Amended Petition and counsel is not warranted at this time. Rowling may renew his request for counsel at a later time. His motion for counsel **is DENIED without prejudice**.

Finally, Rowling is **REMINDED** that if he wishes the Court to consider his motion for leave to proceed *in forma pauperis* in this action (Doc. 5), he must submit the Trust Fund Officer's certification and copy of his trust fund account statement as directed in the Order at Doc. 3.

**IT IS SO ORDERED.**

**DATED: 2/12/2020**

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**