# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLIFFORD ANTONIO ROWLING, III,** # B87063 | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) Case No. 20-cv-163-NJR |
| **ROB JEFFERYS,** | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Clifford Antonio Rowling, III, an inmate of the Illinois Department of Corrections currently incarcerated at Big Muddy River Correctional Center, filed a habeas corpus action pursuant to 28 U.S.C. § 2254. The Court dismissed the original Petition on preliminary review with leave to file an Amended Petition. The Amended Petition, Doc. 7, is now before the Court for a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.

Rowling states that he was charged with aggravated kidnapping, aggravated criminal sexual abuse, criminal sexual abuse, and unlawful restraint in St. Clair County, Case No. 08-CF-70. Before the criminal case was resolved, the state filed a petition to have him civilly committed under the Illinois Sexually Dangerous Persons Act ("SDPA"), 725 ILCS 205/1.01 *et seq.*, and he remains confined under that order of commitment. He asserts that his confinement violates the Fifth and Sixth Amendments; his commitment was not based on evidence that met the beyond a reasonable doubt standard; and the SDPA unconstitutionally punishes him for the status of being mentally ill and punishes him again for past crimes.

Rowling was assisted in drafting the Amended Petition by another inmate, Lawrence Adamczyk. Adamczyk is also civilly committed pursuant to the SDPA and has filed pleadings on his own behalf in this district court making similar arguments. *See Adamczyk v. Illinois*, Case No. 20-cv-063-NJR; *Adamczyk v. Illinois*, Case No. 19-1399-NJR. Both Rowling and Adamczyk signed the Amended Petition. Adamczyk signed as a "co-petitioner," "concerned citizen," and "friend." *See* Doc. 7, p. 3. While Adamczyk may assist Rowling to draft pleadings if he chooses, he is not a lawyer and cannot represent Rowling or file pleadings in Rowling's case. *Georgakis v. Illinois State University*, 722 F.3d 1075, 1077 (7th Cir. 2013). Further, Adamczyk cannot appear as a "co-petitioner" because Adamczyk cannot assert a violation of Rowling's rights. *Massey v. Helman*, 196 F.3d 727, 739 (7th Cir. 1999).

The Amended Petition states a claim for relief under Section 2254. There appear to be issues as to exhaustion of State remedies and procedural default, as well as timeliness, but the resolution of those issues will require further development.

Without commenting on the merits of Rowling's claim, the Court concludes that the Amended Petition survives preliminary review under Rule 4. Given the limited record, it is not plainly apparent that Rowling is not entitled to habeas relief.

The Clerk of Court is **DIRECTED** to **DOCKET** Doc. 7 as an Amended Petition.

Accordingly, Respondent shall answer or otherwise plead on or before **May 11, 2020**. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

Finally, Petitioner is **ADVISED** of his continuing obligation to keep the Clerk of Court

(and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 10, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**