IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CLIFFORD ANTONIO ROWLING III,**  **Petitioner,**  v.  **DANIEL Q. SULLIVAN, WARDEN, BIG MUDDY STATE CORRECTIONAL FACILITY, ET AL.**  **Respondents.** | Case No. 3:20-CV-00163-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss (Doc. 18) filed by the State of Illinois on behalf of Respondent Dan Sullivan ("Sullivan"). For the reasons set forth below, the Court grants the motion and dismisses this action with prejudice.

Petitioner Clifford Antonio Rowling III ("Rowling") was charged in 2008 in St. Clair County, Illinois, with crimes involving sexual abuse and kidnapping (Doc. 18-1 at 1-2). Instead of prosecuting Rowling in a criminal proceeding, the State of Illinois filed a petition to have Rowling committed under the Illinois Sexually Dangerous Persons Act ("ISDPA"), 725 Ill. Comp. Stat. 205/1.01, *et seq*. Finding him to be a sexually dangerous person as defined under that statute, the Circuit Court for St. Clair County ordered that Rowling be committed on June 30, 2009 (*Id.* at 13). Rowling did not appeal his commitment, and he does not appear to have subsequently filed any collateral challenge to his original commitment until filing the instant action on February 11, 2020.

In his petition filed in this Court under 28 U.S.C. § 2254, Rowling's pro se filings are best construed as alleging that commitment under the ISDPA unconstitutionally deprived him of his rights under the Fifth and Sixth Amendments to the United States Constitution, that his commitment was not based on a sufficient evidentiary showing, and that the ISDPA unconstitutionally punished him for his mental illness (Doc. 11). Rowling's arguments, however, are extensive and somewhat difficult to follow, going beyond the bounds of these three main points.

Regardless of the precise nature of Rowling's arguments, it is a fact that federal habeas corpus petitions under 28 U.S.C. § 2254 are subject to a one-year limitations period that generally commences on "the date on which the judgment became final by the conclusion of direct review or the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). This limitations period may be tolled while a petition for state collateral review is pending, but Rowling does not appear to have filed any such petitions. In response to Sullivan's argument that his petition is barred by the one-year limitations period, Rowling merely states that "as for the timeliness of such a petition of habeas corpus…there seems to be no time limit" (Doc. 26 at 6). This is incorrect—there is indeed a time limit set upon petitions for habeas corpus under 28 U.S.C. § 2254. As Rowling has not provided any reason why the one-year limitation period would have been tolled, the Court must dismiss his action.

Should Rowling desire to appeal this Court's ruling dismissing his Petition under 28 U.S.C. § 2254, he must first secure a certificate of appealability, either from this Court or from the Court of Appeals. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant

to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Rowling need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id.* at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1)-(3).

For the reasons detailed above, the Court **GRANTS** the Motion to Dismiss and **DISMISSES** this action with prejudice. The Clerk of Court is **DIRECTED** to enter judgment accordingly in favor of Respondent. As the Court has determined that Rowling is not entitled to habeas relief and finds no basis for a determination that its decision is debatable or incorrect, Rowling has not made "a substantial showing of the denial of a constitutional right." For this reason, a certificate of appealability **shall NOT** be issued.

**IT IS SO ORDERED.**

DATED:   November 9, 2020

                                              **NANCY J. ROSENSTENGEL**
                                              **Chief U.S. District Judge**